701 A.2d 434

UNITED WATER RESOURCES, INC. AND HUGH J. ROARTY, PLAINTIFFS–RESPONDENTS, v. NORTH JERSEY DISTRICT WATER SUPPLY COMMISSION AND THE CITY OF BAYONNE, DEFENDANTS–APPELLANTS.

Argued September 8, 1997—Decided September 29, 1997.

*H. Curtis Meanor* argued the cause for appellant North Jersey District Water Supply Commission (*Podvey, Sachs, Meanor, Catenacci, Hildner & Cocoziello* and *Brach, Eichler, Rosenberg and Silver*, attorneys; *Mr. Meanor* and *Ralph J. Salerno*, of counsel; *Mr. Meanor* and *William C. Sandelands*, on the briefs).

*Joseph G. Nichols*, Law Director, argued the cause for appellant The City of Bayonne.

*Michael R. Cole* argued the cause for respondent United Water Resources, Inc. (*Riker, Danzig, Scherer, Hyland & Perretti*, attorneys; *Mr. Cole, Edward K. DeHope*, and *Deborah J. Sokol*, on the briefs).

*Rinaldo M. D'Argenio* argued the cause for respondent Hugh J. Roarty (*Alampi, Arturi & D'Argenio*, attorneys).

*Ezra D. Rosenberg* submitted a brief on behalf of amicus curiae New Jersey–American Water Company, Inc. (*Dechert Price & Rhoads*, attorneys; *Mr. Rosenberg, Gil C. Tily*, and *Sean Quinn*, of counsel; *Mr. Rosenberg* and *Bruce W. Clark*, on the brief).

*Benjamin Clarke* submitted a brief on behalf of amicus curiae Passaic County Utilities Authority (*Raymond P. Vivino*, Special Counsel, attorney; *Mr. Clarke* and *J.S. Lee Cohen* of *DeCotiis, Fitzpatrick & Gluck*, on the brief).

PER CURIAM.

This appeal concerns the authority and power of the North Jersey District Water Supply Commission (Commission) under its enabling legislation, *N.J.S.A.* 58:5-1 to -58, or the Interlocal Services Act, *N.J.S.A.* 40:8A-1 to -11 (ILSA), to contract with the City of Bayonne to manage, operate and maintain Bayonne's local water distribution system and to issue $30 million in revenue bonds to pay to Bayonne a $25 million project fee, retire a portion of Bayonne's debt relating to its water system and to make certain capital improvements to the system during the twenty-year term of the contract. The specifics of the proposed arrangement are more fully set forth in the Appellate Division opinion, 295 *N.J.Super.* 305, 685 *A.*2d 24 (1996).

■ We agree with the Appellate Division that the nature and scope of the undertaking proposed by the Commission is not fairly within its enabling authority even if that be augmented by ILSA. Important goals of efficiency and economies of scale in the provision of local governmental services are advanced by both the New Jersey Water Supply Public–Private Contracting Act, *N.J.S.A.* 58:26-19 to -27 (Public–Private Act) and ILSA. We acknowledge that under the authority granted by the Public–Private Act, Bayonne could have entered a substantially similar transaction with a private water supplier. Bayonne believes that this transaction entered into with the Commission benefits its citizens more than a public-private partnership and that the goals of governmental economy and efficiency are equally served by allowing other public bodies, such as the Commission, to compete with public entities in contracting for the provision of such services.

■ The Court, however, cannot through statutory construction validate a contractual arrangement that confers or expands the governmental powers of public entities not otherwise delegated by the Legislature in accordance with statutory standards governing the exercise of such delegated powers. We commend to legislative resolution whether and to what extent beyond current statutory authorization a public entity authorized to contract with private

companies for the provision of local governmental services should be permitted to enter into comparable contracts with other public entities for the mutual provision of such services.

The judgment of the Appellate Division is affirmed.

*For affirmance*—Chief Justice PORITZ and Justices HANDLER, O'HERN, GARIBALDI, STEIN, and COLEMAN—6.

*Opposed*—None.